IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LORENZO MAGANA, #64570-019** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv958** |
| | § | **CRIMINAL ACTION NO. 4:13cr14(1)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Lorenzo Magana ("Movant"), proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the case, the Court recommends the § 2255 motion be denied.

**I. PROCEDURAL BACKGROUND**

On September 11, 2013, a grand jury in the Eastern District of Texas returned a Superseding Indictment against Movant that charged him and eighteen others with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, from September, 2010, until the date of the indictment. Crim. ECF (Dkt. #52).[1] After pleading guilty

---

[1] When referring to documents in the underlying criminal case, the Court will cite to it as Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #27). When referring to documents in the instant § 2255 civil motion, the Court will cite to it simply by the relevant docket number, i.e., (Dkt. #1).

1

pursuant to a written plea agreement, the District Court sentenced Movant to two hundred ninety-two months' imprisonment on July 2, 2015. Crim. ECF (Dkt. #511). On October 13, 2015, pursuant to the Government's motion filed pursuant to Fed. R. Crim. P. 35(b), the District Court reduced Movant's sentence to two hundred nineteen months' imprisonment. Crim. ECF (Dkt. #570). Movant filed a § 2255 motion in January of 2017. Crim. ECF (Dkt. #660). The District Court dismissed that motion without prejudice and allowed Movant to file an out-of-time appeal. Crim. ECF (Dkt. #699). On January 8, 2020, the United States Court of Appeals for the Fifth Circuit dismissed Movant's ensuing appeal as his claims were barred by the waiver of appeal contained in his plea agreement. Crim. ECF (Dkt. #708). Movant then filed a second § 2255 motion (Dkt. #1), claiming that he is entitled to relief based on ineffective assistance of counsel in several instances. The Government filed Responses (Dkt. ##6, 7), arguing that Movant has failed to show any constitutional violations. Movant did not file a Reply.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a

habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)

(requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

**A.     Unkept Promise**

Movant claims that his attorney, Ricardo Montalvo ("Counsel"), was ineffective during the plea negotiation phase. Specifically, Movant asserts that Counsel promised him that the Government would file a motion to "reduce his sentence by half of time on what would have been the imposed sentence." (Dkt. #1-1 at 7). He claims that there was a "letter promise" of this agreement that Counsel had signed outlining the promise to reduce his sentence by half in exchange for his assistance. (Dkt. #1-1 at 6-7). Movant fails to provide a copy of the "letter promise," however.

A defendant may seek habeas relief on the basis of an unkept promise by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Movant presents nothing in support of this assertion except for his own conclusory self-serving statements, which are insufficient to entitle him to habeas relief. *Ross*, 694 F.2d at 1011-12; *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990) (conclusory allegations on a critical issue are insufficient to raise a constitutional issue). He fails to meet his burden.

In direct contrast to Movant's claim, the transcript from the plea hearing shows that the Court discussed, in detail, the possible filing of a motion for a downward departure under the U.S. Sentencing Guidelines or Fed. R. Crim. P. 35(b), ensuring that Movant understood that the filing of such motions was at the Government's discretion, and that the District Judge would determine the extent of the departure. Crim. ECF (Dkt. #657 at 10-11). Movant said he understood, and the record is void of any mention of Counsel's alleged "letter promise" concerning a reduction in sentence. *Id*.

4

at 11. Moreover, Movant affirmed that there were no other "promises or representations from the government that [he was] relying upon other than what is contained in writing" in his plea agreement. *Id*. at 15. Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). While a guilty plea may be invalid if induced by a defense counsel's unkept promises, "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110.

Additionally, the plea agreement itself contradicts Movant's claim. The plea agreement states, "It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive." Crim. ECF (Dkt. #366 at 4). After considering Movant's testimony at his plea hearing, the plea agreement, and the Statement of Facts in Support of Plea Agreement, the District Court found that Movant, being fully competent and capable of entering an informed plea and being aware of the nature of the charges and the consequences of his plea, knowingly and voluntarily pled guilty. Crim. ECF (Dkt. #657 at 19). In short, the record directly contradicts Movant's assertion.

Furthermore, Movant fails to show that, but for Counsel's alleged deficient performance, he would have taken his chances at trial. *Hill* , 474 U.S. at 57-59; *Strickland,* 466 U.S. at 694. While he claims he would have gone to trial, he provides only his conclusory statement to that effect, which is insufficient. *Koch,* 907 F.2d at 530. Nonetheless, the record shows that the Government, indeed, filed a motion for a reduction in sentence. Crim. ECF (Dkt. #566). This motion was granted to the extent that the Court reduced Movant's sentence to two hundred nineteen months. Crim. ECF (Dkt. ##570, 576). This issue is without merit.

**B.      Failure to Investigate**

Movant next asserts Counsel was ineffective for failing to investigate several matters. It is well-settled that defense counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Federal habeas corpus relief is granted only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).

Movant claims that Counsel failed to investigate information relating to the firearm enhancement. (Dkt. #1-1 at 14). The record shows that upon the execution of a search warrant at Movant's residence, officers seized methamphetamine, other drug paraphernalia, and a firearm. Crim. ECF (Dkt. #499 at 7). Movant argues that the firearm did not belong to him – he had purchased it on behalf of his cousin, Angel Garcia. In support of this claim, Movant submitted an affidavit from Mr. Garcia (Dkt. #1-1 at 28-29), who declared that he transferred money to Movant so that Movant could purchase the firearm on his behalf. *Id*.

Initially, the Court notes that Movant fails to explain why he did not tell Counsel of this allegation previously. Nonetheless, ownership of the firearm is irrelevant because the firearm was seized from Movant's residence, the same location as the methamphetamine and drug paraphernalia that were seized. *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993); *United States v. Flucas,* 99 F.3d 177, 179 (5th Cir. 1996) (Government's burden is met by showing the weapon was

seized from the same location as drugs or drug paraphernalia). At a minimum, the firearm had the potential to facilitate the distribution of methamphetamine, regardless of whether it was Movant's personal firearm. It is well settled that the mere presence of a handgun can escalate the inherent danger of drug trafficking. *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990).

Furthermore, any additional investigation by Counsel of the firearm enhancement would not have changed anything because Movant's co-conspirators possessed firearms in furtherance of the drug conspiracy. Crim. ECF (Dkt. #499 at 5-6). "Because conspiracy is a continuing offense, 'a defendant who has joined a conspiracy continues to violate the law through every moment of the conspiracy's existence, and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot.'" *United States v. Romans*, 823 F.3d 299, 320 (5th Cir. 2016) (quoting *Smith v. United States*, 568 U.S. 106, 111 (2013)). Moreover, the record shows that Counsel investigated this issue to some degree because he submitted objections to the Presentence Report ("PSR) pertaining to the two-level increase for the firearm. Crim. ECF (Dkt. #472 at 1-2). This issue is without merit.

Movant next alleges that Counsel was ineffective for failing to investigate the drug quantity. (Dkt. #1-1 at 12-14). Under the sentencing guidelines, the base offense level for a defendant convicted of a drug offense is determined based on the drug type and weight or quantity. *Kimbrough v. United States,* 552 U.S. 85, 96-97 (2007). The quantity includes the drugs for which the defendant is directly responsible as well as drugs that can be attributed to him in a conspiracy as relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1)(B); *see also United States v. Cooper*, 274 F.3d 230, 238-41 (5th Cir. 2001) (quantity of drugs attributable to defendant includes drugs for which he is directly responsible as well as the quantity of his co-conspirators that was forseeable). It is well established that relevant conduct under the sentencing guidelines includes all reasonably forseeable acts of co-

conspirators in furtherance of the conspiracy. *United States v. Solis*, 299 F.3d 420, 446-47 (5th Cir. 2002). Other than his conclusory allegations, Movant again fails to show that further investigation would have changed the outcome of his case. *Gray*, 677 F.2d at 1093; *Strickland*, 466 U.S. at 694. He fails to meet his burden.

Additionally, the Court notes that Counsel filed objections to the PSR relating to the quantity of drugs found to be attributable to Movant. Crim. ECF (Dkt. #472 at 1). Accordingly, Counsel investigated the drug quantity amount to some degree.

Finally, Movant asserts Counsel failed to investigate the adjustment for his leadership role in the offense. The record shows that Movant received a four-level increase to his offense level for being an organizer or leader of the conspiracy involving five or more participants. Crim. ECF (Dkt. #499 at 8). Again, Counsel investigated the leadership role enhancement to some degree because he filed objections to the PSR concerning the four-level increase. Crim. ECF (Dkt. #472 at 2). Other than his conclusory statements, however, Movant fails to specifically show how further investigation into his role in the conspiracy would have changed the outcome of his case.

In contrast to Movant's allegation, he stipulated in the Statement of Facts in Support of Plea Agreement that he "assisted individuals who distributed and possessed with intent to distribute methamphetamine." Crim. ECF (Dkt. #367 at 2). Additionally, "[t]o further the aims of the conspiracy, he used cellular telephones to conduct code conversations about drug trafficking activity with various co-conspirators." *Id*. Finally, "he received methamphetamine from some co-conspirators and distributed methamphetamine to other co-conspirators." *Id*. Furthermore, as shown

in the PSR:

> The [Federal Bureau of Investigation] established that [Movant] was the leader of the drug trafficking organization . . . and he was responsible for coordinating shipments of liquid methamphetamine, converting and distributing shipments of liquid methamphetamine, collecting drug proceeds, and returning [] the drug proceeds to Mexico and other locations.

Crim. ECF (Dkt. #499 at 8).  The record contradicts Movant's allegation.

In sum, the record shows that Counsel objected to each of the enhancements that were applied to Movant's offense level.  Crim. ECF (Dkt. #472).  Therefore, some investigation was conducted, as evidenced by the objections filed.  To preserve the three-level decrease for acceptance of responsibility and the potential for the Government's Rule 35(b) motion, it became clear at Movant's sentencing hearing, however, that he had to withdraw the objections to the PSR.  Crim. ECF (Dkt. #658 at 3-6).  Movant agreed to do so in order to receive the three-level reduction and possibly receive a Rule 35(b) motion from the Government.  He cannot claim now, that had Counsel investigated further into the enhancements, the objections would have been sustained.  Movant fails to show that he is entitled to relief on these issues.

## IV.  **CONCLUSION**

In each of Movant's ineffective assistance of counsel claims, he fails to show there is a reasonable probability that, but for Counsel's alleged errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  He also fails to show that he would not have pled guilty and taken his chances at trial.  *Hill*, 474 U.S. at 57-59.  In conclusion, Movant fails to show that his constitutional rights were violated.  As a result, the § 2255 motion should be denied.

## V.  <u>CERTIFICATE OF APPEALABILITY</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, it is recommended the District Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of

10

Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the District Court find Movant is not entitled to a certificate of appealability.

## VI. **RECOMMENDATION**

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, and the case be **DISMISSED** with prejudice. It is also recommended a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the District Court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

11

**So ORDERED and SIGNED this 4th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE